IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES DONELSON

    Plaintiff,

vs.

GEORGE HOLTON,
C/O BAKER,
LT. CARTWRIGHT,
and UNKNOWN PARTY (John Does 1-10),

    Defendants.

Case No. 14-cv-1311-SMY-PMF

**MEMORANDUM AND ORDER**

Before the Court are multiple appeals of Magistrate Judge's decisions filed by Plaintiff Charles Donelson (Docs. 129, 147, 151 and 161). For the following reasons, the Magistrate's rulings are **AFFIRMED** and the appeals are **DENIED**.

In his first appeal, Plaintiff argues that Judge Frazier erred by allowing recruited counsel to withdraw (Doc. 129). On January 25, 2016, Plaintiff's recruited counsel filed a motion to withdraw from representing Plaintiff (Doc. 125). Before Judge Frazier ruled on that motion, Plaintiff filed an appeal of Judge Frazier's decision, mistakenly believing that Judge Frazier had already granted Counsel's motion to withdraw (Doc. 129, ¶7). He had not. Subsequently, Judge Frazier entered an Order on the motion to withdraw in which he instructed Plaintiff and his counsel to make one more effort to mend their differences and denied the motion (Doc. 138). Accordingly, Plaintiff's appeal (Doc. 129) was premature and is denied.

In his next appeal (Doc. 147), Plaintiff contends that Judge Frazier limited his claims in contravention of the undersigned's screening order. The screening order passed through claims in Counts I through IV and excluded a claim for medical indifference because that claim related to

a different defendant (Doc. 18).  In his Order, Judge Frazier noted that if Plaintiff had issues relating to medical treatment or lack thereof, he should bring a new lawsuit (Doc. 138, p. 2). This is consistent with the screening order's exclusion of Plaintiff's medical indifference claim and is therefore, not clearly erroneous or contrary to the law.  See Fed. R. Civ. P. 72(a); 28 U.S.C. sec. 636(b)(1)(A).  Accordingly, Judge Frazier's Order (Doc. 138) is affirmed.

For his third appeal (Doc. 151), Plaintiff argues that Judge Frazier erred when he eventually did allow Plaintiff's recruited counsel to withdraw.  After Judge Frazier entered his Order denying Plaintiff's counsel's initial motion to withdraw, Plaintiff filed an Illinois Attorney Registration and Disciplinary Commission ("ARDC") complaint against Counsel.  Counsel then filed a second Motion to Withdraw as Recruited Counsel (Doc. 144), which Judge Frazier granted (Doc. 145).  Judge Frazier appropriately considered and weighed both Counsel and Plaintiff's concerns in granting the motion.  Indeed, Plaintiff filing a complaint with the ARDC indicates an irreparable breakdown of the attorney-client relationship.  *See Goyal v. Gas Technology Institute*, 389 Fed. Appx. 539, 543 (7th Cir. 2010).  Accordingly, Judge Frazier's Order (Doc. 145) is affirmed.

Finally, in his fourth pending appeal (Doc. 161), Plaintiff suggests that Judge Frazier erred in denying his Motion to Appoint Counsel (Doc. 153) and by not extending the discovery deadlines (Doc. 156).  However, Plaintiff does not state with any particularity how either of these rulings was in error or contrary to the law.

There is no right to court-appointed counsel in federal litigation.  *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).  In deciding whether to appoint counsel, district courts must ask two questions: "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluding from doing so, and if so, given the difficulty of the case, does the plaintiff

appear competent to litigate it himself?" *Id.* Here, Plaintiff has made attempts to obtain counsel on his own, but no attorney would take his case (See Docs. 34 & 41). However, Judge Frazier reasonably determined that, at this juncture, Plaintiff is capable of litigating this matter on his own—the case involves a constitutional tort and does not involve complex medical information or require extensive discovery. In accordance with *Olson*, Judge Frazier's decision to deny Plaintiff's Motion for Recruitment of Counsel is affirmed.

Plaintiff also argues that Judge Frazier erred by not extending the discovery deadlines. On April 1, 2016, Judge Frazier extended the deadlines pursuant to Plaintiff's request (Docs. 149 & 153). Three days later, Plaintiff again requested an extension of the discovery deadlines (Doc. 154). Judge Frazier denied the second request because the deadlines had already been extended by two months.

Pursuant to Federal Rule of Civil Procedure 6(b)(1), the Court is permitted the discretion to grant or deny a request for an extension of time. Here, the discovery deadlines had been extended by two months only three days before Plaintiff filed his subsequent Motion to Extend Deadlines. Under the circumstances, Judge Frazier's denial of his motion was not in error and is therefore affirmed.

**IT IS SO ORDERED.**

**DATED: June 16, 2016**

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
