IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DONELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-1311-SMY-RJD |
| | ) |
| MICHAEL ATCHISON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on sixteen pending motions filed by Plaintiff Charles Donelson (Docs. 163, 180, 182, 184, 185, 190, 192, 193, 195, 197, 198, 201, 202, 206, 210, 212) and two pending motions of Defendants (Docs. 199, 207).

On November 25, 2014, Plaintiff commenced an action pursuant to 42 U.S.C. § 1983, alleging several constitutional violations (Docs. 1, 18). On January 29, 2015, the Court severed Plaintiff's claims into separate actions. The instant action pertains to Plaintiff's claim that Defendants violated Plaintiff's Eighth Amendment and First Amendment rights at Menard Correctional Center by denying access to the yard and confining Plaintiff in unsanitary conditions. Specifically, Plaintiff's claims are as follows:

> **Count 1:** Eighth Amendment claim against Defendants Holton and Cartwright for denying Plaintiff access to the yard, thus preventing him from engaging in physical activity necessary to maintain his health;
>
> **Count 2:** Eighth Amendment claim against Unknown (John Doe) Defendants and Defendants Baker and Cartwright, for placing Plaintiff in unsanitary cells and/or failing to remedy the cell conditions in response to Plaintiff's complaints;
>
> **Count 3:** First Amendment claim against Unknown (John Doe) Defendants, for housing Plaintiff in the cell contaminated with black mold in November 2012, in retaliation for his complaints and grievances over the denial of yard;

**Count 4:** First Amendment claim against Defendant Baker, for refusing to remedy the unsanitary conditions in Plaintiff's cell in June 2013 (contamination with feces and urine), in retaliation for Plaintiff's grievances over his staff assaulter classification;

## Motion for Leave to Amend the Complaint

Plaintiff moved for leave to amend the Complaint on August 1, 2016 (Doc. 192). Plaintiff attempts to reassert claims under Section 1983 and Title II of the Americans with Disabilities Act that were dismissed in the screening order. He further attempts to add defendants that were dismissed in the screening order to his existing claims.

Federal Rule of Civil Procedure 15(a) states, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Leave may be denied upon undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment . . . *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

The Court finds that allowing Plaintiff to amend his Complaint would be futile. This action pertains to Plaintiff's incarceration at Menard Correctional Center, which ended in October 2013. (Doc. 1-1 at 3.) "[T]he applicable statute of limitations for section 1983 claims is the state period for personal injury torts." *Kalimara v. Illinois Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989). The state period for personal injury torts also applies to claims under Title II of the Americans with Disabilities Act. *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir. 1996). Under Illinois law, the statute of limitations for personal injury torts is two years. 735 Ill. Comp. Stat. 5/13-202. With the exception of the exhaustion of administrative remedies, there are no applicable grounds for equitable tolling and Plaintiff represented that he exhausted all available remedies prior to filing the initial Complaint. (Doc. 1 at 9.)

The relation back doctrine allows amended pleadings to relate back to the date of an original pleading. Fed. R. Civ. P. 15(c). "Rule 15(c)(1)(C) applies where the amendment changes the party or the naming of the party against whom a claim is asserted." *Hunt ex rel. Chiovari v. Dart*, 612 F. Supp. 2d 969, 973 (N.D. Ill. 2009); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Here, the vast majority of Plaintiff's proposed amendments would add party defendants. To satisfy Fed. R. Civ. P. 15(c), the proposed defendants either must know or should know that Plaintiff would have sued them absent a mistake and, if so, whether the mistake impaired the ability of the proposed defendants to defend themselves. *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011); *Worthington v. Wilson*, 8 F.3d 1253, 1256–57 (7th Cir. 1993). Stated otherwise, "A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." *Joseph*, 638 F.3d at 560.

The record contains no indication that the proposed defendants either knew or should have known of Plaintiff's intent to include them in this action, and Plaintiff has identified no mistake. Therefore, the relation back doctrine does not apply. The statute of limitations bars the addition of parties as proposed and such claims are futile.

The only proposed amendment involving the existing defendants is Plaintiff's ADA claim in which he alleges that his designation as a predator by mental health staff constitutes a disability and that Defendants prevented him from accessing the yard and confined him to North 2 housing because of that designation. The relation back doctrine likely applies to this claim under Fed. R. Civ. P. 15(c)(1)(B). However, this proposed claim does not adequately suggest a statutory disability. The ADA defines "disability" as a physical or mental impairment that

3

substantially limits one or more major life activities. *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013); 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A); *Scott v. Kaneland Cmty. Unit Sch. Dist. No. 302*, 898 F. Supp. 2d 1001, 1005 (N.D. Ill. 2012). Whether the predator designation constitutes or correlates with a physical or mental impairment is entirely unclear and the Complaint provides no indication that any such impairment substantially limited Plaintiff with respect to any major life activity. Because Plaintiff's allegations fail to state a claim under the ADA, the claim is futile. For these reasons, Plaintiff's Motion for Leave to Amend the Complaint is denied.

## Motion to Reinstate Harassment Claim

Plaintiff moves to reinstate his claims of harassment in light of *Beal v. Foster*, 803 F.3d 356 (7th Cir. 2015). On January 28, 2015, the Court screened Plaintiff's initial Complaint and characterized general allegations of harassment and a more specific allegation that certain correctional officers impeded his path and tried to incite Plaintiff to hit them as claims of harassment. (Doc. 18 at 17-18.) The Court dismissed Plaintiff's claims of harassment in violation of the Eighth Amendment, reasoning that the general allegations were too vague to state a claim and, with respect to the more specific allegation, found, "Verbal harassment such as this, however, does not violate the Constitution." (*Id.*)

In *Beal*, the Seventh Circuit held that verbal harassment alone can amount to cruel and unusual punishment but maintained that "most verbal harassment" did not. 803 F.3d at 357. *Beal* does not negate the dismissal of Plaintiff's harassment claims in the screening order.

Regarding the general allegations, *Beal* does not cure the lack of specificity for which these allegations were dismissed. Regarding the more specific allegations, although verbal harassment may occasionally violate the Eighth Amendment, *Beal* requires a showing of emotional pain or some other deprivation. *Id.* at 357-58. In the screening order, the Court noted that if Plaintiff had struck an officer, he would have been subject to disciplinary action but that Plaintiff refrained from doing so. (Doc. 18 at 17-18.) Plaintiff has identified no other deprivation resulting from the correctional officers' conduct. Based on the foregoing, Plaintiff's Motion to Reinstate Harassment Claim is denied.

## Motion for Recruited Counsel

There is no right to court-appointed counsel in federal litigation. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). In deciding whether to appoint counsel, district courts must ask two questions: "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluding from doing so, and if so, given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* Here, Plaintiff has made attempts to obtain counsel on his own, but no attorney would take his case. However, at this juncture, the Court finds Plaintiff is capable of litigating this matter on his own—the case involves a straightforward constitutional tort. Additionally, Plaintiff is an experienced litigator who has pursued at least 17 actions in federal court. Therefore, Plaintiff's Motion for Recruited Counsel is denied.

## Motion for Sanctions

Plaintiff moves for sanctions against defense counsel with regard to Defendants' Response to Plaintiff's Motion to Compel (Doc. 173). In this response, Defendants state:

> 4.   Defendant Holton served Plaintiff his Objections to Plaintiff's First Set of Interrogatories on May 13, 2016.

      5.    The undersigned inadvertently did not serve Plaintiff with Defendant Baker's or Cartwright's objections and responses to plaintiff's second set of interrogatories until June 16, 2016. Once the undersigned realized this failure, it was corrected.

      6.    As of June 16, 2016, Defendant Cartwright and Baker have served Plaintiff with discovery responses.

Plaintiff alleges that these statements constitute fraud upon the Court because he did not receive Defendant Holton's discovery responses in April 2016 and because defense counsel intentionally delayed Defendants Cartwright and Baker's discovery responses. Defendants have provided another copy of Defendant Holton's responses to Plaintiff and deny any intentional delay or misrepresentation.

Plaintiff seeks sanctions under Federal Rule of Civil Procedure Rules 11 and 37 but has not followed the procedural prerequisites for sanctions under either rule. More significantly, despite the fact that defense counsel may have been mistaken with respect to Defendant Holden's responses, the record contains no evidence that Counsel intentionally delayed discovery responses or purposefully mislead the Court. Plaintiff's Motions for Sanctions are denied.

## Discovery Motions

On September 21, 2016, Plaintiff moved to compel Defendants to respond to requests for production and interrogatories. Plaintiff states that he served the requests on August 4, 2016 and followed up with a letter on September 9, 2016. Defendants respond that they received only requests for production from Plaintiff on August 30, 2016 and that they were attempting to respond. In the interest of judicial economy, the Court grants Plaintiff's Motion to Compel. Defendants shall respond to the discovery responses attached to Plaintiff's Motion to Compel.

On October 28, 2016, Plaintiff moved to compel Defendants to respond to his request for medical records from January 2016 to September 2016. Plaintiff provides very little to describe

his complaints regarding Defendants' discovery responses. Further, Plaintiff fails to show that he made a good faith effort to confer as required. *See* Fed. R. Civ. P. 37(a). Accordingly, the Court denies Plaintiff's Second Motion to Compel.

Plaintiff also moves to bar video deposition at Stateville Correctional Center, alleging that his arms will be bound and he will be chained and cuffed during his deposition pursuant to Department of Corrections policy. He further objects that Defendants and defense counsel will not be physically present. Defendants respond that appearing by video conference will save time and expense and that they do not have control over Plaintiff's restraints but defer to the Department of Corrections for safety and security measures. The Court perceives no prejudice to Plaintiff from the physical absence of Defendants and defense counsel. The Court understands that the limited ability to review documents during the deposition may constrain Plaintiff's ability to answer fully. However, the Court, too, defers to the Department of Corrections on this matter. Nevertheless, the Court will be mindful of Plaintiff's circumstances during the deposition upon any review of the transcript. Plaintiff's Motion to Bar Video Deposition is denied.

## Motion for Copies

Plaintiff requests copies of the Magistrate Judge Orders from June and July 2016 and states that the Department of Corrections provides only the docket text for orders and refuses to provide full copies. Judge Frazier's Order from June 24, 2016 is the only Order responsive to Plaintiff's request. (Doc. 178.) As a one-time courtesy, the Court grants Plaintiff's Motion for Copies. The Court advises Plaintiff that the docket text frequently represents the entirety of the Court's orders. Plaintiff is further advised that he must purchase any further copies from the Clerk's Office at $.50 per page.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 192) and Motion to Reinstate Harassment Claim (Doc. 210) are **DENIED**. It is further **ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 198), Motions for Sanctions (Docs. 182, 185, 193), Motion to Compel (Doc. 206) and Motions to Bar Video Deposition (Docs. 180, 184, 202) are **DENIED**.

It is further **ORDERED** that Plaintiff's Motion for Copies (Doc. 195) is **GRANTED**. The Clerk's Office is **DIRECTED** to mail Plaintiff a copy of Judge Frazier's Order, dated June 24, 2016.

It is further **ORDERED** that Plaintiff's Motion to Compel (Doc. 197) is **GRANTED**. Defendants shall respond to the discovery responses attached to Plaintiff's Motion to Compel no later than December 7, 2016.

It is further **ORDERED** that Defendants' Motion for an Extension of Time to Complete Discovery (Doc. 199), Motion for Leave to File a Response (Doc. 207), Plaintiff's Motion to Supplement (Doc. 163), Motion for an Extension of Time to File a Motion for Leave to Amend (Doc. 190), Motion to Strike (Doc. 212) and Motions for Status (Docs. 195, 201) are **DENIED as MOOT**.

**IT IS SO ORDERED.**

DATED: November 16, 2016

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**
