# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DONELSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 3:14 CV 1311 SMY/RJD |
| ) | |
| MICHAEL ATCHISON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on the pending motions filed by Plaintiff Charles Donelson. (Docs. 244, 247, 250, 251, 257, 258, 259.)

On November 25, 2014, Plaintiff commenced an action pursuant to 42 U.S.C. § 1983, alleging several constitutional violations. (Docs. 1, 18.) On January 29, 2015, the Court severed Plaintiff's claims into separate actions. The instant action pertains to Plaintiff's claim that Defendants violated Plaintiff's Eighth Amendment and First Amendment rights at Menard Correctional Center by denying access to the yard and confining Plaintiff in unsanitary conditions. Specifically, Plaintiff's claims are as follows:

> **Count 1:** Eighth Amendment claim against Defendants Holton and Cartwright for denying Plaintiff access to the yard, thus preventing him from engaging in physical activity necessary to maintain his health;
>
> **Count 2:** Eighth Amendment claim against Unknown (John Doe) Defendants and Defendants Baker and Cartwright, for placing Plaintiff in unsanitary cells and/or failing to remedy the cell conditions in response to Plaintiff's complaints;
>
> **Count 3:** First Amendment claim against Unknown (John Doe) Defendants, for housing Plaintiff in the cell contaminated with black mold in November 2012, in retaliation for his complaints and grievances over the denial of yard;

**Count 4:** First Amendment claim against Defendant Baker, for refusing to remedy the unsanitary conditions in Plaintiff's cell in June 2013 (contamination with feces and urine), in retaliation for Plaintiff's grievances over his staff assaulter classification;

(Doc. 18.)

### Motion to Compel Discovery

Plaintiff moves to compel Defendants to respond to his discovery requests. (Docs. 244, 247.) As a response to Defendants' objections, Plaintiff asserts that the requested discovery is admissible, relevant, and necessary to support his claims. Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Rule 26 vests this Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). The Seventh Circuit has recognized a trial court's "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

The Court has considered Plaintiff's discovery requests and Defendants' objections and responses and resolves the discovery dispute as follows:

**Request No. 1: Produce all water reports for Menard CC 2012-13.**

**Request No. 2: Produce all water supply system reports from Menard CC 2012-13.**

**Request No. 13: Produce any report identifying water in the walls of north 2 cells or unit.**

Defendants object to these requests on the basis of relevance, arguing that Plaintiff's claims relate solely to his time in North Cell House, and further object on the basis of vagueness.

Nevertheless, Defendants have provided Plaintiff with responsive work orders as well as a list of all work orders, with descriptions of the work, from North Cell House from 2012-13. The Court agrees that Plaintiff's requests are overbroad relative to his claims, and the request is unclear as to what documents are requested. If Plaintiff requires the production of additional responsive documents, he is advised to issue a more specific request. Plaintiff's Motion to Compel is denied with respect to Requests Nos. 1, 2, and 13.

> **Request No. 3: Produce the recreation schedule for staff assaulters/weapon violators housed in Menard for 2012-13.**
>
> **Request No. 4: Produce the location and area that staff assaulters/weapon violators recreational are assign to attend.**
>
> **Request No. 5: Produce the assign housing location for all staff assaulters/weapon violators.**

Defendants object to these requests on the basis of relevance, arguing that information related to the recreation area and housing assignments of other staff assaulters are not relevant to Plaintiff's claims, and further object that the request is overbroad and disproportionate to the needs of this case. With respect to Requests Nos. 3 and 4, the relevance of the recreational schedule and locations to Plaintiff's claims is not apparent, and Plaintiff offers no explanation. Plaintiff's Motion to Compel is denied with respect to Requests Nos. 3 and 4.

However, the Court finds Request No. 5 to be relevant. Plaintiff's claim of retaliation alleges that he was housed in a contaminated cell in retaliation for filing grievances; in response to Plaintiff's request regarding the reasons for Plaintiff's housing assignment, Defendants state that Plaintiff was categorized as a staff assaulter. *See Westefer v. Snyder*, 2010 WL 4000446, at *6 (S.D. Ill. 2010) (stating that an inmate can demonstrate retaliatory motive by showing that the stated reason for the conduct was pretextual). Defendants also object on the basis that they cannot produce a location and on the basis that the request is overbroad. These objections are

well-taken, but, for the sake of judicial efficiency, Defendants shall respond to Request No. 5 insofar as it pertains to staff assaulters at Menard Correctional Center in 2012 and 2013. Defendants need not provide individual cell assignments but should generally identify the applicable buildings, units, or floors. Plaintiff's Motion to Compel is granted in part with respect to Request No. 5.

> **Request No. 6: Produce all policies and due process to assigning a staff assaulter a weapon violator.**
>
> **Request No. 7: Produce all financial funding reports for staff assaulters/weapon violators.**
>
> **Request No. 8: Produce all administrative directive for staff assaulters/weapon violators.**

Defendants object to these discovery requests on the basis of relevance, arguing that the requested documents are not relevant to Plaintiff's claims, and further object that the request is overbroad and vague. The general relevance of the policies, administrative directives and finance reports related to classification as a staff assaulter or weapons violator and the Plaintiff's claims is not apparent, and Plaintiff offers no explanation. However, policies and directives related to the housing assignments and recreational time of staff assaulters in place during Plaintiff's time at Menard Correctional Center may be relevant. Plaintiff's Motion to Compel is denied with respect to Request No. 7, but granted in part with respect to Requests Nos. 6 and 8.

> **Request No. 9: Produce all housing unit that Plaintiff was assign reports from 2012-2013.**
>
> **Request No. 10: Produce all reports why Plaintiff was to be assign to that housing unit.**

Defendants object to these discovery requests on the basis of vagueness but produced a list of Plaintiff's housing assignments for 2012 and 2013, responded that he was assigned to north cell house due to his classification as a staff assaulter, and referred Plaintiff to his disciplinary history. In spite of their objections, Defendants produced responsive documents. If

4

Plaintiff requires the production of additional responsive documents, he is advised to issue a more specific request. Plaintiff's Motion to Compel is denied with respect to Requests Nos. 9 and 10.

> **Request No. 11: Produce and identify all disciplinary reports of violence against staff in IDOC assaults or abuse acts.**
>
> **Request No. 12: Produce and identify all disciplinary reports of violence against any inmate in IDOC assaults or abuse acts.**

Defendants object to these discovery requests on the basis of relevance, arguing that the requested documents are not relevant to Plaintiff's claims and further object that the request is overbroad, vague, and disproportionate to the needs of the case. Plaintiff's claims do not relate to any incident of violence against either staff members or inmates. Plaintiff's Motion to Compel is denied with respect to Request Nos. 11 and 12.

> **Request No. 14: Produce all medical exams preform on Plaintiff related to mole.**

Defendants object to this discovery request on the basis that the request is overbroad with respect to time and scope and further object on the basis of vagueness.[1] Defendants also refer Plaintiff to previously produced medical records and produced Plaintiff's medical records through 2016. Because Defendants have produced responsive documents, Plaintiff's Motion to Compel is denied with respect to Request No. 14.

## Other Pending Motions

On February 21, 2017, Plaintiff moved for the opportunity to review his deposition transcript. (Doc. 250.) On the same day, Defendants indicated their intent to provide Plaintiff with such an opportunity. (Doc. 252.) Accordingly, Plaintiff's Motion for Review of Reserved Transcript is denied as moot.

---

[1] Presumably, Plaintiff refers to the black mold in his cell referenced in Count 3 of his complaint.

Plaintiff moves for recruitment of counsel. (Doc. 251.) In 2016, the Court denied Plaintiff's motions for recruited counsel on four occasions, and Plaintiff offers nothing to suggest any change in his ability to litigate the case since his previous request. (Docs. 138, 174, 178, 215.) For the reasons previously stated, Plaintiff's Motion for Recruitment of Counsel is denied.

On March 27, 2017, Plaintiff moved for an extension of time to respond to Defendants' Motion for Summary Judgment. (Doc. 257.) On March 31, 2017, Plaintiff moved to strike the motion for an extension, noting that Defendants had not filed a motion for summary judgment. (Doc. 258.) Plaintiff's Motion to Strike is granted, and Plaintiff's Motion for an Extension of Time is stricken.

## CONCLUSION

Based on the foregoing, Plaintiff's Motions to Compel (Docs. 244, 247) are GRANTED in part. Defendants shall respond to Plaintiff's discovery requests consistent with this Order by May 18, 2017. Plaintiff's Motions to Compel are DENIED in all other respects.

Plaintiff's Motion to Strike Plaintiff's Motion for Extension of Time (Doc. 258) is GRANTED. Plaintiff's Motion for Extension of Time (Doc. 257) is STRICKEN. Motion for Recruitment of Counsel (Doc. 251) is DENIED. Plaintiff's Motion for Review of Deposition Transcript (Doc. 250) and Motion for Status (Doc. 259) are DENIED as MOOT.

**SO ORDERED.**

**DATED: May 5, 2017**  *s/    Reona J. Daly*
UNITED STATES MAGISTRATE JUDGE